| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **ARENT FOX LLP**<br>Robert M. Hirsh, Esq.<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>Email: robert.hirsh@arentfox.com<br><br>*Proposed Counsel to the Debtor and Debtor-in-Possession* |

Order Filed on November 1, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

CTE 1 LLC,

              Debtor.

Chapter 11

Case No. 19-30256-VFP

(Honorable Vincent F. Papalia)

**INTERIM ORDER AUTHORIZING THE DEBTOR'S APPLICATION TO (I) RETAIN CARL MARKS ADVISORY GROUP LLC AND (II) DESIGNATE STEVEN F. AGRAN AS CHIEF RESTRUCTURING OFFICER, *NUNC PRO TUNC* TO THE PETITION DATE**

    The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

**DATED: November 1, 2019**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

| | |
|---|---|
| Page: | 2 |
| Debtor: | CTE 1 LLC |
| Case No.: | 19-30256 (VFP) |
| Caption: | Interim Order Authorizing the Debtor's Application to (I) Retain Carl Marks Advisory Group LLC and (II) Designate Steven F. Agran as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date |

Upon the application (the "Application")[1] of the Debtor for entry of an order, under sections 105(a) and 363 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, (i) authorizing the engagement and retention of Carl Marks Advisory Group LLC ("CMAG") and (ii) designating Steven F. Agran to serve as Chief Restructuring Officer ("CRO") of the Debtor, pursuant to the terms set forth in that certain advisory agreement (the "Advisory Agreement") and *nunc pro tunc* to the Petition Date, by and between CMAG and the Debtor, all as more fully set forth in the Application, and the Court having reviewed the Application and the Argan Declaration; and the Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Application is GRANTED as set forth herein.

2. The Debtor is authorized to (i) engage and retain CMAG and (ii) designate Mr. Argan to serve as CRO of the Debtor *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Advisory Agreement, subject to the terms outlined herein, which apply notwithstanding anything in the Advisory Agreement or the Application to the contrary:

    a. CMAG and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Application.

AFDOCS/21217827.1

Case 19-30256-VFP    Doc 28    Filed 11/01/19    Entered 11/01/19 10:19:31    Desc Main
Document    Page 3 of 5

Page:       3
Debtor:     CTE 1 LLC
Case No.:   19-30256 (VFP)
Caption:    Interim Order Authorizing the Debtor's Application to (I) Retain Carl Marks Advisory Group LLC and (II) Designate Steven F. Agran as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date

administrator, or investor/acquirer) in connection with the above-captioned case.

b. In the event the Debtor seeks to have CMAG personnel assume executive officer positions that are different than the position disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c. CMAG shall file shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

d. No principal, employee or independent contractor of CMAG and its affiliates shall serve as a director of the Debtor during the pendency of and the above-captioned case.

e. CMAG shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

f. Success fees, transaction fees, or other back-end fees, shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

g. The Debtor is permitted to indemnify Steven Agran as CRO and the persons serving as executive officers in accordance with and on the same

Case 19-30256-VFP    Doc 28    Filed 11/01/19    Entered 11/01/19 10:19:31    Desc Main
Document    Page 4 of 5

Page:       4
Debtor:     CTE 1 LLC
Case No.:   19-30256 (VFP)
Caption:    Interim Order Authorizing the Debtor's Application to (I) Retain Carl Marks Advisory Group LLC and (II) Designate Steven F. Agran as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date

terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law.

h. There shall be no indemnification of CMAG or its affiliates.

i. For a period of three years after the conclusion of the engagement, neither CMAG nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor(s).

j. CMAG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The terms of the Advisory Agreement, as modified by the Application and this Order, are reasonable terms and conditions of employment and are thereby approved.

4. CMAG shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in this Chapter 11 Case.

5. CMAG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or any other parties-in-interest. The obligation to disclose pursuant to this paragraph is a continuing obligation.

6. To the extent that there may be any inconsistency between the terms of this Application, the Argan Declaration or the Advisory Agreement and this Order, the terms of this Order shall govern.

7. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Page: 5
Debtor: CTE 1 LLC
Case No.: 19-30256 (VFP)
Caption: Interim Order Authorizing the Debtor's Application to (I) Retain Carl Marks Advisory Group LLC and (II) Designate Steven F. Agran as Chief Restructuring Officer, *Nunc Pro Tunc* to the Petition Date

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

10. A final hearing on the Motion shall be heard before this Court on November 13, 2019 at 2:30 p.m. (Eastern Prevailing Time). Any objection to the entry of a final order granting the Motion must be filed by no later than 5:00 p.m. (Eastern Prevailing Time) on November 11, 2019.