**ARENT FOX LLP**
Robert M. Hirsh, Esq.
1301 Avenue of the Americas
New York, NY 10019-60022
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: robert.hirsh@arentfox.com

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTE 1 LLC, | Case No. 19-30256-VFP |
| Debtor. | (Honorable Vincent F. Papalia) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ARENT FOX LLP AS ATTORNEYS FOR THE DEBTOR AND DEBTOR–IN-POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor-in-possession (collectively, the "Debtor") files this application (the "Application"), pursuant to sections 327(a), 328(a), 329, 330 and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court District of New Jersey (the "Local Rules"), for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ Arent Fox LLP ("Arent Fox") as bankruptcy counsel effective *nunc pro tunc* to October 27, 2019.  In support of this application, the Debtor submits (a) the declaration of Robert M. Hirsh, a partner of Arent Fox LLP (the "Hirsh Declaration"), which is attached hereto as **Exhibit B** and incorporated in this Application by reference, (b) Arent Fox's Disclosure of Compensation (the "Disclosure of Compensation"),

which is attached hereto as **Exhibit C** and incorporated in this Application by reference, and (c) the declaration of Steven F. Agran (the "Agran Declaration"), which is attached hereto as **Exhibit D**. In further support of this application, the Debtor respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein, among other things, are Bankruptcy Code sections 327(a), 328(a), 329, 330 and 1107, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On October 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), commencing the Chapter 11 Case in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Application, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Case.

5. The Debtor owns and operates an automotive dealership known as Lexus of Englewood and located at: (1) 53-59 Engle St., Englewood, NJ 07631, (2) 75 Columbus Avenue, Englewood, New Jersey 07631, (3) 335 Grand Avenue, Leonia, New Jersey 07605, (4) 40 Rockwood Place, Englewood, New Jersey 07631, and (5) 136 Engle Street, Englewood, New Jersey 07631 (the "Dealership").

## **RELIEF REQUESTED**

6. The Debtor seeks to employ and retain Arent Fox *nunc pro tunc* to the Petition Date, to represent it as its counsel in connection with its chapter 11 filings and prosecution of this Chapter 11 Case.

7. Subject to Court approval, the professional services that Arent Fox will provide, shall include (but shall not be limited to):

    (a) taking all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

    (b) providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business and management of its properties;

    (c) negotiating, preparing, and pursuing confirmation of a plan and approval of a disclosure statement and any other restructuring alternative;

    (d) preparing on behalf of the Debtor, as debtor-in-possession, necessary motions, applications, answers, orders, reports, and other legal papers in connection with the administration of the Debtor's estate;

    (e) appearing in court and protecting the interests of the Debtor before this Court;

    (f) reviewing all pleadings filed in this Chapter 11 Case; and

    (g) performing all other legal services in connection with this Chapter 11 Case as may reasonably be required.

8. As set forth in the Hirsh Declaration, Arent Fox has stated its desire and willingness to act in the Debtor's case and render the necessary professional services as counsel to the Debtor on the terms described herein. The employment of Arent Fox is appropriate and necessary to enable the Debtor to execute faithfully its duties as a debtor and debtor-in-possession.

## ARENT FOX'S QUALIFICATIONS

9. The Debtor seeks to retain Arent Fox because of Arent Fox's recognized expertise and extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

10. Arent Fox has represented debtors in the following chapter 11 cases: *In re Diesel USA, Inc.*, Case No. 19-10432 (MFW) (Bankr. D. Del.); *In re Custom Blinds and Components, Inc.*, Case No. 18-10621 (SY) (Bankr. C.D. Cal.); *In re Altomare Auto Group, LLC*, Case No. 16-22376 (JKS) (Bankr. D.N.J.); *In re Airfasttickets, Inc.*, Case No. 15-11951 (SHL) (Bankr. S.D.N.Y.); *In re Craig Antell DO. PC dba New York Physical Rehabilitation.*, Case No. 14-10073 (SCC) (Bankr. S.D.N.Y.); *In re New Meatco Provisions, LLC*, Case No. 13-22155 (DS) (Bankr. C.D. Cal.); *In re Morgan Industries Corporation*, Case No. 12-21156 (MBK) (D.N.J.); *In re Cynergy Group, LLC*, Case No. 12-29748 (SK) (Bankr. C.D. Cal.); *In re The Walking Company*, Case No. 09-15138 (RR) (Bankr. C.D. Cal.); *In re Lake Diamond Associates, LLC*, Case No. 04-05511 (JAF) (Bankr. M.D. Fla.); *In re AlphaStar Insurance Group Limited.*, Case No. 03-17903 (SMB) (Bankr. S.D.N.Y.); *In re First Connecticut Consulting, Inc.*, Case No. 02-50852 (JJT) (Bankr. D. Conn.); *In re Travel Services, Inc.*, Case No. 02-10509 (REG) (Bankr. S.D.N.Y.); *In re T.L.T. Drug Corporation*, Case No. 02-15033 (SMB) (Bankr. S.D.N.Y.); *In re Mattress Discounters Corporation East*, Case No. 02-22330 (DWK) (D. Md.).

11. In preparing for its representation of the Debtor in this Chapter 11 Case, Arent Fox has become familiar with the Debtor's business and the potential legal issues that may arise in the context of this Chapter 11 Case. The Debtor believes that Arent Fox is well-qualified and uniquely able to represent the Debtor in this Chapter 11 Case in an efficient and timely manner.

## BASIS FOR RELIEF

12. Pursuant to Bankruptcy Code section 327(a), a debtor-in-possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest

adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." *Id.* § 328(a).

13. The Debtor believes that Arent Fox is well qualified to represent it in its bankruptcy case in an efficient and timely manner. The Debtor selected Arent Fox as its counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, and ability to respond quickly to emergency hearings and other emergency matters. Arent Fox's services will enable the Debtor to execute faithfully its duties as a debtor-in-possession.

14. To that end, Arent Fox has stated its desire and willingness to act in this Chapter 11 Case and to render the necessary professional services as counsel to the Debtor. On October 30, 2019, the Debtor filed an application to retain Carl Marks Advisory Group LLC and designate Steven F. Agran, as Chief Restructuring Officer [Docket No. 13], which was granted by the Court on November 1, 2019 [Docket No. 28]. The Debtor also intends to file an application to employ Omni Agent Solutions, as claims and noticing agent to the Debtor.

I. **Professional Compensation and Expenses**

16. Arent Fox intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Arent Fox will use in this Chapter 11 Case are the same as the hourly rates and corresponding rate structure that Arent Fox uses in other restructuring matters, as well as similar complex corporate, securities, and

litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

17. Arent Fox operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

18. Arent Fox's current hourly rates for matters related to this Chapter 11 Case are expected to be within the following ranges:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $650–$1,105 |
| Of Counsel | $530–$1,050 |
| Associates | $385–$695 |
| Paraprofessionals | $170–$370 |

14. The principal professionals designated to represent the Debtor and their current standard hourly rates are:

| Professional | Hourly Rate |
|---|---|
| Robert M. Hirsh | $790[1] |
| Russell P. McRory | $720 |
| Adam J. Ruttenberg | $720 |
| Christopher Wong | $455 |
| Christopher T. Koenig | $380 |

19. The rates set forth above are subject to periodic review and adjustment and are set at a level designed to compensate Arent Fox fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Generally, the rates are subject to an increase at the beginning of each calendar year. It is Arent Fox's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their cases. The expenses charged to

---

[1] Robert M. Hirsh's rate has been capped at $790 in accordance with the engagement agreement between Arent Fox and the Debtor.

AFDOCS/21254229.2         - 6 -

clients include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. Arent Fox will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Arent Fox's other clients. Arent Fox believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

20. The rate structure provided by Arent Fox is appropriate and not significantly different from (a) the rates that Arent Fox charges for other similar types of representations, or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Arent Fox will perform in this Chapter 11 Case.

21. To ensure compliance with all applicable deadlines in this Chapter 11 Case, from time to time Arent Fox utilizes the services of overtime secretaries. Arent Fox charges fees for these services pursuant to the Engagement Letter, which permits Arent Fox to bill the Debtor for overtime secretarial charges that arise out of business necessity. In addition, Arent Fox professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices.

22. Arent Fox currently charges $0.20 per page for standard duplication and $0.75 per page for color duplication. Arent Fox does not charge its clients for incoming facsimile transmissions and has waived any costs for outgoing facsimile transmissions. Arent Fox has waived any costs for computer-assisted legal research.

II. **Arent Fox's Disinterestedness**

23. To the best of the Debtor's knowledge and as disclosed herein and in the Hirsh Declaration, (a) Arent Fox is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Arent Fox has no connection to the

Debtor, its creditors, or other parties in interest, except as may be disclosed in the Hirsh Declaration.

24. Arent Fox will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Arent Fox will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## WAIVER OF MEMORANDUM OF LAW

15. Because the legal basis upon which the Debtor relies is incorporated herein and the Application does not raise any novel issues of law, the Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NO PRIOR REQUEST

16. The Debtor has not made any prior request to this or to any other court for the relief sought herein.

## NOTICE

17. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102 (Attn: Fran B. Steele, Esq.); (ii) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 191045016; (iii) the New Jersey Division of Taxation Compliance and Enforcement – Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (v) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (vi) counsel to Toyota Motor Credit Corp., Wong Fleming, P.C., 821 Alexander Road, Suite 200, Princeton, NJ

08540 (Attn: Daniel C. Fleming, Esq. and James K. Haney, Esq.); (vii) counsel to American Guardian Funding Corporation, Griffin | Williams LLP, 21 N. Fourth Street, Geneva, IL 60134 (Attn: Attn: Joseph P. Sauber, Esq.); (viii) Bank of the West, 1625 West Fountainhead Parkway, AZ-TTN-10C-A, Tempe, AZ 85282; (ix) counsel to Santander Bank, N.A., Saldutti Law Group, 800 Kings Highway North, Suite 300, Cherry Hill, NJ 08034 (Attn: Rebecca K. McDowell, Esq. and Robert L. Saldutti, Esq.); (x) counsel to the Official Committee of Unsecured Creditors, Gibbons P.C., One Gateway Center, Newark, NJ 07102-5310 (Attn: Robert K. Malone, Esq. and Brett S. Theisen, Esq.); and (xi) all parties requesting notice in this case.  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Arent Fox as its bankruptcy counsel *nunc pro tunc* to the Petition Date.

Dated: December 2, 2019

Respectfully submitted,

**CTE 1 LLC**
Debtor and Debtor-in-Possession

_____
Steven F. Agran
Chief Restructuring Officer


**ARENT FOX LLP**

_____
Robert M. Hirsh, Esq.
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: robert.hirsh@arentfox.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*